## PROSECUTION FOR PROCURING A MISCARRIAGE.

Circuit Court of Lucas County.

MARY BRIDGE v. STATE OF OHIO.*

Decided, February 24, 1912.

*Criminal Law—Proof of Negative Averment Under the Statute Relating to the Procuring of a Miscarriage—Newly-Discovered Evidence Not a Ground for a New Trial, When.*

While it is incumbent on the state in order to convict in an indictment under General Code 12412, for procuring an abortion, to prove that the same was not necessary in order to preserve the life of the mother, the state is not required to prove that such act was not advised by two physicians to be necessary for such purpose, as this latter negative averment may be easily shown by the defendant, while it would be very difficult, if not impossible, to be established by the state.

*Ulery & Merrill,* for plaintiff in error.

*Holland C. Webster,* Prosecuting Attorney, and *Roy Stuart,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

Error to the Court of Common Pleas of Lucas County.

The plaintiff in error was convicted in the common pleas court under General Code, Section 12412, of procuring a miscarriage upon the body of one Minnie Parrish, and was sentenced to the penitentiary for a period of five years. The bill of exceptions contains all of the evidence upon the trial of the case, and all of the evidence which was offered upon a motion for a new trial, filed in the common pleas court.

It is contended by counsel for Mary Bridge that the conviction was wrong and that she is entitled to have the same re-

*Affirmed without opinion, *Bridge v. State,* 87 Ohio State, 464.

versed by reason of the fact that the record contains no evidence to substantiate the negative averments contained in the statute and in the indictment.   The statute to which reference has been made authorized a conviction "unless such miscarriage is necessary to preserve her life, or is advised by two physicians to be necessary for that purpose, if the woman either miscarries or dies in consequence thereof."

Of course this provision which has just been quoted may be sustained by any competent evidence, and with a view to ascertaining whether it is sustained, we have very carefully examined the evidence and find abundance of evidence warranting the jury in so concluding.   Indeed, there is nothing in the evidence relative to the condition of Minnie Parrish at the time of the operation that in any wise tends to show any necessity for the performance of the operation in order to preserve her life.

It appears from the evidence that she, at some time before the operation, consulted with two physicians and she states in her evidence that they had not advised her to have a miscarriage performed for the purpose of saving her life.   We think no error was committed by the trial court in allowing that evidence. While the duty devolved upon the state, under authority of *Moody* v. *State of Ohio,* 17 O. S., 111, to prove the negative averment, yet the burden of proving that branch of it which relates to the advice of physicians would not, by the language of the case just cited, be cast upon the state.

The defendant in the common pleas court, within three days after the verdict of guilty was rendered, made a motion for a new trial, one ground of which was based upon the claim of certain newly-discovered evidence.   Upon the hearing of that motion, she called to the stand one of the assistant prosecuting attorneys and sought to show by him that he was present before the grand jury when Minnie Parrish testified and that she had there given a different version of the case from that testified to by her on the trial.   The bill of exceptions contains a statement of the evidence expected to be shown, and it is not of such a character as would have justified the trial court in granting the motion.   The evidence, if introduced, would have a tendency to

impeach the testimony of Minnie Parrish, and to have cast upon her testimony the suspicion that attends the statements made by an accomplice, as indicated in *State* v. *McCoy,* 52 O. S., 157. Such evidence would not, in view of the other evidence contained in the record, have required a different verdict upon a retrial of the case. It seems to us, on the contrary, that if there had been a re-trial, and if upon such re-trial this impeaching evidence had been introduced, that the same result would necessarily have been reached. The rule that a new trial will not be granted on the ground of newly-discovered evidence, unless such evidence would require a different verdict, has often been laid down by this court, and is sustained by many reported cases. We cite only, *Cincinnati Traction Co.* v. *Fesler,* 31 C. C. Reports, 631, and *C., C., C. & St. L. Railroad Co.* v. *Long,* 24 O. S., 133.

The record in this case fails to disclose any act of diligence on the part of plaintiff in error in seeking to discover the evidence upon which she relied for the granting of her motion for a new trial.

For the reasons given, and finding no error to the prejudice of plaintiff in error, the judgment of the court of common pleas will be affirmed.